OF THE

STATE OF IOWA

AT

DES MOINES, JANUARY AND MAY, 1915, TERMS,

AND IN THE SIXTY-NINTH YEAR OF THE STATE.

---

A. E. JONES, Appellant, v. F. E. PETERSON et al., Appellees.

**REPLEVIN:** Right to Possession—Necessity for Payment or Ten-
der. In order to maintain an action of replevin, plaintiff must
be entitled to the immediate possession of the property. If pay-
ment or tender is necessary in order to fix such right, then pay-
ment or tender of the correct amount must be made, even though
defendant is demanding more than he is entitled to receive.

PRINCIPLE APPLIED: Defendant, as per contract, shipped
goods to plaintiff. The sum of $230.00 was due defendant for the
property, less $78.25 for freight and demurrage thereon (which
freight defendant had agreed to pay) and less $12.00 for short-
age in articles sent, or $139.75. Defendant demanded $200.00,
evidenced by a sight draft attached to the bill of lading. Plain-
tiff brought replevin without tendering the correct amount. He
made no. tender at all, either to defendant for. the amount due
him or to the railway company for amount due as freight.

Months afterward, he deposited the $230.00 in court, asking the court to protect him as to the shortage and as to freight, which the court did, but charged him with interest on the true amount due defendant. *Held* proper, inasmuch as he was not entitled to possession when his replevin action was brought.

*Appeal from Boone District Court.*—HON. C. G. LEE, Judge.

THURSDAY, APRIL 8, 1915.

ACTION in replevin. Judgment for defendant. Plaintiff appeals. The opinion states the material facts.—*Affirmed.*

*C. J. Eller* and *F. W. Ganoe,* for appellant.

*Goodykoontz & Mahoney,* for appellees.

WEAVER, J.—The parties entered into an agreement for the sale or exchange of certain items of property as follows:

The plaintiff was to receive from the defendant certain second hand machinery, to be shipped to Boone, Iowa, from Galva, Illinois, in return for which defendant was to receive from plaintiff certain other machinery, to be shipped to Galva from Stratford, Iowa, and the sum of $290 in money. A written memorandum of this agreement, intended to be in duplicate, was prepared, each party signing one copy and delivering it to the other. As the papers appear in evidence, they differ in that Jones' copy alone contains a clause requiring Peterson to pay the freight on the shipment to Boone, and Peterson's copy alone requires Jones to make the shipment from Stratford "on one car." It is conceded that plaintiff then and there paid $60 to be applied on the cash difference on the exchange, leaving an unpaid remainder of $230. Plaintiff shipped the machinery to defendant from Stratford on two cars. Defendant shipped the machinery which he was to give in exchange to the plaintiff at Boone, but accompanied the bill of lading with a sight draft for $200. He did not deny that he was to pay the freight on both shipments, but

1. REPLEVIN: right to possession: necessity for payment or tender.

complained that, by loading the shipment to Galva on two cars instead of one, plaintiff had made him an extra expense which he must make good. This resulted in some contentious correspondence, defendant insisting that plaintiff pay the draft for $200 and that, if this was found to be an overpayment, defendant would refund the excess. During the time of this correspondence, the shipment to Boone remained in the possession of the carrier, the Chicago & Northwestern Railway Company. The situation thus developed was briefly this: plaintiff, claiming that the draft was in excess of what he owed, refused to pay it except on what he believed to be the proper reduction; defendant would credit plaintiff with no more than the freight charges to Boone less the amount of excess freight which he had paid on the other shipment because it had been loaded on two cars instead of one; and the carrier, indifferent concerning the quarrel between consignor and consignee, held the machinery awaiting the payment of its freight charges. Such being the status of affairs, this action was brought for the possession of the machinery, both Peterson and the railway company being named as defendants. The petition filed set up the written contract, alleged plaintiff's performance thereof and his unqualified ownership of the property. A writ of replevin was thereupon issued and served by taking possession of the property and delivering it to plaintiff. Some months later, plaintiff amended his petition, alleging that he had not paid the remaining $230 of the agreed money consideration but had orally tendered the same. He failed to allege that the tender had been kept good, and no money was in fact paid or deposited in court for that purpose. Still later, he filed a substituted petition restating the contract and his allegation of performance, alleged that by reason thereof he became entitled to a delivery of the property, freight paid, upon payment by him of $230; that he had made due tender of such payment to defendant's agent holding the defendant's draft for collection, and had demanded the delivery of the bill of lading and that the tender had

been kept good. With the filing of this substituted pleading, plaintiff for the first time presented and deposited in court the said sum of $230, and asked that before the money was delivered to defendant the court should make proper application of so much thereof as might be necessary to pay the freight charges to the carrier and costs. There were other allegations as to an alleged shortage of parts of the machinery shipped to him, concerning which items there is now no dispute. The defendant Peterson denied that plaintiff had performed the contract on his part, denied the alleged tender and set up his claim for the claimed excess of freight on the shipment sent to Galva. Upon the issues joined, a jury was waived and trial had to the court.

The parties having rested their case and the court having announced its finding that plaintiff had not shown himself entitled to the possession of the property when the action was commenced and therefore could not recover in replevin, defendant Peterson moved the court to assess the value of defendant's interest in the property and that a money judgment therefor be entered. The motion being sustained, the court found that the interest of the defendant was the amount remaining due upon the agreed money payment, $230, less a deduction of $12 for missing parts of the machinery and less the sum of $78.25 required to discharge the lien of the carrier for freight and demurrage. Judgment for the remainder, $139.25 with interest, was entered in defendant's favor, and the plaintiff appeals.

It is not easy to understand the purpose for which this appeal is prosecuted. Appellant was given by the court below the benefit of every credit claimed by him, and the only possible benefit he could obtain by a reversal would be the avoidance of a trifling amount of interest and the costs taxed against him. The ruling against plaintiff which resulted in charging him with these items was grounded upon the theory that, at the time he began his action, plaintiff was not entitled to the possession of the property—a conclusion which was inevitable

under the admitted facts. This is so for the very sufficient reason that, when the action was instituted, the possession of the property was rightfully in the railway company until its freight charges were satisfied. Moreover, even as between plaintiff and Peterson, while the latter was setting up an unfounded claim for damages and was demanding more from plaintiff than was due him, yet plaintiff failed to put him in the wrong as to the possession of the property by tendering him what was admittedly his due, until long after the action was begun. The rights of the parties as they stood when suit was brought and the property taken under the writ are determinative of the action for possession. The judgment of the trial court was clearly correct and it is—*Affirmed*.

DEEMER, C. J., EVANS and PRESTON, JJ., concur.